UNITED STATES DISTRICT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KENNAJO SCHULTZ,<br>individually and on behalf of<br>all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PAYLESS SHOESOURCE, INC.<br><br>  Serve: C T Corporation System<br>        120 South Central Ave.<br>        Clayton, MO 63105<br><br>and<br><br>COLLECTIVE BRANDS, INC.<br><br>  Serve: The Corporation Trust Co.<br>        Corporation Trust Center<br>        1209 Orange Street<br>        Wilmington, DE 19801<br><br>        Defendants. | Cause No: 10-1643<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COLLECTIVE ACTION PETITION

COMES NOW Plaintiff Kennajo Schultz, individually and on behalf of all others similarly situated, and for her Collective Action Petition against Defendants Payless ShoeSource, Inc. ("Payless") and Collective Brands, Inc. ("Collective Brands") states as follows:

### INTRODUCTION

1. This is a "collective action" under the Fair Labor Standards Act ("FLSA"),

1

29 U.S.C. §§ 201-219, challenging Defendants' practices and policies of misclassifying Plaintiff and other similarly situated employees as "exempt" employees, and not paying them overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they work over 40 in a workweek, in violation of the FLSA.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court also has personal jurisdiction over Defendants because Defendant Payless is a Missouri corporation, both Defendants conduct business in this state and District, and Defendants have sufficient minimum contacts with this state and District, and/or otherwise intentionally avail themselves of the markets in this state and District through the promotion, marketing, and sale of their products in this state to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout the State of Missouri and within this Federal Judicial District and because a substantial part of the acts and omissions giving rise to the claims occurred in this District.

## PARTIES

4.  Plaintiff Kennajo Schultz, at all times relevant times, was employed by Defendants and was a citizen of the United States and resident of Troy, Missouri.

5.  Defendant Payless ShoeSource, Inc. ("Payless") is one of the largest footwear retailers in the world, with nearly 4,500 retail stores in 19 countries and territories. Payless is a Missouri corporation with its principal place of business in Topeka, Kansas. It conducts business activities and operates stores throughout the United States and Missouri, including in

this District. Payless is a business unit of Defendant Collective Brands.

6. Defendant Collective Brands is a self-proclaimed "leader in bringing compelling lifestyle, fashion and performance brands for footwear and related accessories to consumers worldwide" and operates retail shoe stores through its business units, including through Defendant Payless. Collective Brands is a Deleware corporation with its principal place of business in Topeka, Kansas. It does business throughout the United States and Missouri, including in this District.

7. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

8. At all relevant times, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

9. Defendants are or were the joint employers of Plaintiff and other similarly situated employees pursuant to 29 U.S.C. §§ 203(r) and 207(b).

10. At all relevant times, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

14. Defendants Payless and Collective Brands operate retail stores throughout the United States, including in Missouri and within this District. Upon information and belief, Defendants operate over 4000 stores with in excess of 25,000 employees.

15. Plaintiff was employed by Defendants as a Store Manager for approximately 12 years and last worked in February 2009. Plaintiff last received compensated pay in August 2009.

16. Other similarly situated employees were employed by Defendants as Store Managers.

17. Plaintiff was employed as a Store Manager at Defendants' retail store in O'Fallon, Missouri.

18. Other similarly situated employees were and are employed at Defendants' various retail stores, both in Missouri and across the United States.

19. Plaintiff and other similarly situated Store Managers were uniformly paid a salary wage and were uniformly classified by Defendants as "exempt" from the FLSA's overtime requirements.

20. Plaintiff and other similarly situated Store Managers did not customarily and regularly supervise at least two full-time employees or the equivalent within the meaning of the FLSA.

21. Plaintiff and other similarly situated Store Managers did not have the primary duty of performing work directly related to the management or general business operations within the meaning of the FLSA.

22. Plaintiff and other similarly situated Store Managers did not exercise

4

discretion and independent judgment with respect to matters of significance within the meaning of the FLSA.

23. Plaintiff and other similarly situated Store Managers regularly worked over 40 hours a week, but Defendants failed to pay them lawful overtime compensation for the hours they worked over 40 in a workweek.

24. Defendants knowingly and willfully failed to pay Plaintiff and other similarly-situated Store Managers overtime compensation for the hours they worked in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

26. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current Store Managers employed by Payless and Collective Brands at any time between September 2, 2007 and the present.

27. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of in excess of 100 persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and

damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own interests in bringing this action.

29. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

30. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

31. Defendants' practice and policy of misclassifying Plaintiff and other similarly-situated employees as exempt violated the FLSA, 29 U.S.C. §§ 201-219.

32. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they work in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

33. By engaging in the above-mentioned activities, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, for herself and all those similarly situated, respectfully request that this Court enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, and grant the following relief:

    A.    Appoint undersigned counsel as interim counsel for the class;

    B.    Issue an order permitting this litigation to proceed as a collective action;

    C.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    D.    Award Plaintiff and the class she represents actual damages for unpaid overtime compensation;

    E.    Award Plaintiff and the class she represents liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff and the class;

    F.    Award Plaintiff and the class she represents pre-judgment and post-judgment interest at the highest allowable statutory rate;

    G.    Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

    H.    Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Kennajo Schultz and requests a trial by jury on all issues deemed so triable.

DATED: September 2, 2010

        Respectfully submitted,

        HOLLAND, GROVES, SCHNELLER & STOLZE, L.L.C.

        _____
        Eric D. Holland  #39935
        300 N. Tucker, Suite 801
        St. Louis, MO 63101
        (314) 241-8111
        (314) 241-5554 (fax)

        Attorneys for Plaintiff